**SHOU QUAN LU, Petitioner–Appellant,**

v.

**Alberto R. GONZALES,[1] Respondent–Appellee.**

**No. 04–3351–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Fengling Liu, New York, New York, for Appellant.

Allen F. Loucks, U.S. Attorney for District of Maryland and Stephanie Gallagher, Assistant U.S. Attorney, Baltimore, Maryland, for Appellee, of counsel.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REEN A RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

SUMMARY ORDER

Shou Quan Lu, through counsel, petitions for review of the BIA decision af-firming the Immigration Judge's ("IJ") decision denying his application for withholding of removal pursuant to Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

There appears to be a question in this case whether an order of removal was formally entered and, if not, whether this court has jurisdiction to hear a petition from an "asylum only" determination. We need not resolve this issue, because even if we were to assume jurisdiction, *see Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 817 n. 11 (2d Cir.2000), *accord Abimbola v. Ashcroft*, 378 F.3d 173, 180 (2d Cir.2004), we would deny Lu's petition as without merit.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d.2005); *Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). We review factual findings under the substantial evidence standard, overturning them only if a reasonable fact finder would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). Inconsistent testimony generally bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. Ashcroft*, 232 F.3d 279, 288 (2d Cir.2000).

In this case the IJ concluded that a second repatriation to China might expose a person to punishment and mistreatment prohibited under CAT, but the IJ concluded that no evidence supported such a conclusion with respect to a first repatriation. To the extent petitioner claims that removal to China would constitute his second repatriation, the IJ's contrary finding of fact is substantially supported by the record as a whole. The IJ's factual determinations were supported by Lu's failure to provide credible evidence other than general country conditions that he would be singled-out for torture for having departed from China without permission. The IJ's finding that Lu was not credible finds record support in a number of contradictory statements relating to past detentions or mistreatment and his departure from China. In light of these contradictions and Lu's failure to adequately explain them, this Court cannot conclude that "a reasonable adjudicator would be compelled to find" that he had carried his burden on his CAT claim. *Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*).

Accordingly, the petition for review is denied.